| | |
|---|---|
| 1 | **MARTIN & BONTRAGER, APC** |
| 2 | G. Thomas Martin, III (SBN 218456) |
| 3 | Nicholas J. Bontrager (SBN 252114) |
|   | 4419 Van Nuys Blvd., Ste. 301 |
| 4 | Sherman Oaks, CA 91602 |
| 5 | T: (323) 940-1700 |
|   | F: (510) 570-3815 |
| 6 | Tom@mblawapc.com |
| 7 | Nick@mblawapc.com |
|   | Attorneys for Plaintiff |
| 8 | SERGIO A. AJANEL |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SERGIO A. AJANEL, | **Case No.: 2:25-cv-4128** |
|  | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** |
| Plaintiff, |  |
| vs. | 1. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT [CAL. CIV. CODE § 1788, ET. SEQ.];** |
| THE GOLDMAN SACHS GROUP, INC. |  |
| Defendant | 2. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681, *ET. SEQ.*]** |
|  | 3. **VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*];** |
|  | 4. **VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT ACT [CAL. CIV. CODE § 1798.92 ET. SEQ.];** |
|  | 5. **VIOLATIONS OF THE FAIR CREDIT BILLING** |

1

ACT, 15 U.S.C. § 1666 *ET. SEQ.*

## INTRODUCTION

1. SERGIO A. AJANEL (Plaintiff) brings this action to secure redress from Defendant The Goldman Sachs Group, Inc. ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), the California Identity Theft Act ("CITA"), and the Fair Credit Billing Act ("FCBA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Los Angeles, CA. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a bank with its headquarters located in New York. In the ordinary course of business, Defendant regularly attempts to collect debts alleged to be due another and is a "debt collector" as defined by the RFDCPA. Defendant regularly engages in the collection of debt by mail and telephone in several states including, California. Defendant is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by the FCRA, Section 1681a(b),

2

and Cal. Civ. Code § 1785.3(j). Defendant is a "claimant" as defined by Cal. Civ. Code § 1798.92(a).

6. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Plaintiff is informed and believes and on that basis alleges that Defendants is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

8. Plaintiff is a victim of identity theft, as defined by Cal. Civ. Code § 1798.92(d).

9. Within one year prior to the filing of this action, Defendant has attempted to collect money, property or their equivalent, due or owing or alleged to be due or owing from Plaintiff by reason of a consumer credit transaction and/or "consumer debt", when said debt was incurred by an identity thief/thieves.

10. Within the last two (2) years, Defendant has furnished false and inaccurate credit information to the credit bureaus regarding the character, amount and legal status of an alleged debt which Plaintiff does not owe, as these debts were incurred fraudently by an identity thief/thieves in September, 2024.

11. Plaintiff did not incur nor did she authorize anyone to incur the charges Defendant is attempting to collect from Plaintiff, and did not use or possess the goods, services, money, or property obtained by the identity thief or thieves.

12. Plaintiff disputed these charges, which Defendant attempted to collect from Plaintiff, and provided copies of his police report as attachments thereto. Additionally, Plaintiff sent Plaintiff dispute correspondence to the credit bureaus regarding the inaccurate credit information Defendant was furnishing to them about the accounts that were opened by the identity thief.

13. On information and belief, upon receipt of Plaintiff's disputes, the credit bureaus sent automatic customer dispute verification forms to Defendant informing it that Plaintiff was disputing Defendant's credit-reporting of his account on his credit files.

14. Defendant nonetheless denied Plaintiff's disputes and continued to claim money owed by Plaintiff in connection with the transaction(s) procured through identity theft.

15. Within the last two years, and prior to the filing of the present lawsuit, Plaintiff submitted a police report regarding the identity theft to Defendant. Defendant continues to deny Plaintiff's legitimate claims of Identity Theft and continues to credit report the accounts, the balances, and the payment history on Plaintiff's credit report(s) with the three (3) main Credit Reporting Agencies.

16. Plaintiff has spent countless hours over the past year trying to rectify this issue. Notwithstanding Plaintiff's exhaustive efforts in this regard, Defendant continued and continues to attempt to collect charges from Plaintiff that were incurred as a result of identity theft.

17. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from injury to his credit rating and reputation and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

19. As a result of Defendant's conduct, Plaintiff has suffered decreased credit score as a result of errors and omissions appearing on his credit file, preventing him from being able to obtain credit, and diminishing his existing and future creditworthiness.

20. As a direct and proximate result of Defendants' above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages

including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

### (Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

21.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.  Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)  Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1)  Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2)  Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3)  Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4)  Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

23.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.  As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. The FCRA requires a furnisher such as Defendant after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

27. Within the last two years, Defendant provided inaccurate information to the credit reporting agencies regarding Plaintiff.

28. Within the past two years, Plaintiff notified the credit reporting agencies that his credit reports concerning Defendant's trade-line was inaccurate. Thereafter, the credit reporting agencies notified Defendant that Plaintiff was disputing the information Defendant had furnished to them.

29. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to it;

    c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting

agencies concerning the inaccurate information disputed by Plaintiff;

      f.    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

      g.    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

      30.    In attempting to collect the aforementioned alleged debt, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agencies notwithstanding the fact that Defendant knew, or consciously avoided knowing, that such information was inaccurate; to wit, Defendant TSI continued to report that Plaintiff owes a defiency balance for a medical debt on payments when he does not, and in so doing, engaged in false and deceptive means to collect a debt from Plaintiff.

## THIRD CAUSE OF ACTION

**Violations of the California Consumer Credit Reporting Agencies Act,**

**Cal. Civ. Code §1785.25(a)**

      31.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

      32.    California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

      33.    California Civil Code § 1785.25(b) states that a furnisher that

determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

34. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

35. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

36. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

37. As a result of the foregoing violations of the CCRAA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## FOURTH CAUSE OF ACTION
### Violations of California Civil Code § 1798.92-97

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

40. As a result of each and every violation of Cal. Civ. Code § 1798.92,

Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## FIFTH CAUSE OF ACTION

**(Violations of the Fair Credit Billing Act, 15 U.S.C. §1666 et. seq.)**

**(Against Defendant)**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. At all times mentioned in this Complaint, the Fair Credit Billing Act, and in particular 15 U.S.C. § 1666 was in full force and effect, and was binding on of, credit which is payable by agreement in more than four installments, or for which the payment of a finance charge is or may be required. 15 U.S.C. § 1666 provides guidelines for addressing the correction of billing errors in account Statements.

43. Plaintiff sent correspondence to Defendant setting forth Defendant's billing errors, the amount of the errors, as well as a statement that he never received the goods for which he was charged.

44. Defendant violated the Fair Credit Billing Act when it construed the amount on Plaintiff's statements as correct, although Defendant was aware that the merchandise or services actually purchased by Plaintiff was never delivered to or provided to Plaintiff, and when Defendant further refused to credit Plaintiff's account.

45. Because Plaintiff never received the goods and services for which she was charged, Plaintiff is entitled to have her account credited with the amount of the purchase price for the services, plus any finance charges incurred.

46. Regulation Z, which implements the Fair Credit Billing Act, requires a creditor to conduct a "reasonable investigation" after it receives a notice of billing error.

47. The investigation conducted by Defendant here was not reasonable.

48. The factual statements in this paragraph will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

49. Defendant's actions caused Plaintiff actual damages.

50. By failing to comply with the Fair Credit Billing Act, Defendant is subject to liability pursuant to 15 U.S.C. § 1640.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against the Defendant as follows:

1) That the Defendant forfeits any right to collect from the Plaintiff the disputed charge, plus any finance charges thereon;

2) For Costs of suit incurred; and

3) For actual, statutory damages, and reasonable attorneys' fees pursuant to 15 U.S.C § 1640 for each month's billing errors from the beginning to present;

4) an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692 , 15 U.S.C § 1681(n), Cal. Civ. Code § 1788.30(a), and Cal. Civ. Code § 1785.31(a)(2)(A);

5) an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

6) an award of statutory damages of $ 1,000.00 pursuant to 15 U.S.C. § 1692 and Cal. Civ. Code § 1788.30(b);

7) an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

8) an award of punitive damages of $ 100.00 - $ 5,000.00 per willful

1  violation of 15 U.S.C. § 1692 and Cal. Civ. Code § 1785.25(a);

2      9)    Statutory damages/civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

    10)    an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692, 15 U.S.C § 1681(o), Cal. Civ. Code § 1785.31(d), Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1798.93(c)(5).

    11)    Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff's demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: May 8, 2025    **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorneys for Plaintiff*